UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cv-02659-MCE-CKD |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| DAVID PFLUM; PILOT ENTERPRISE, LLC; FRIDAY HARBOR WY, LLC; STATE OF CALIFORNIA FRANCHISE TAX BOARD; EL DORADO COUNTY; CITY OF STOCKTON; and AMIR AHMED, | |
| Defendants. | |

In this case, Plaintiff the United States seeks to collect unpaid tax liabilities from Defendant David Pflum. Plaintiff seeks a determination that Defendant is the true owner of two properties in El Dorado County, California, and that the properties are therefore subject to the tax liens imposed by Plaintiff. Joined in the suit are two other entities that have a tax interest in the properties: the El Dorado County Tax Collector and the State of California Franchise Tax Board. These parties have entered into stipulations with the United States as to their relative interests in the properties. ECF Nos. 25, 31. The United States now moves for summary judgment, asking for the Court to order the tax liens foreclosed so that the properties can be sold and the proceeds distributed by the parties as stipulated. ECF No. 43. Defendant Pflum has not filed an opposition or a

statement of non-opposition. Both the El Dorado County Tax Collector and the State of California Franchise Tax Board have filed statements of non-opposition. ECF Nos. 44, 45. For the reasons that follow, the United States' Motion is GRANTED.[1]

## BACKGROUND[2]

On August 30, 2004, Pflum was found criminally liable for multiple counts of failure to pay employment taxes and failure to file tax returns. Subsequently, beginning on November 12, 2007, the Internal Revenue Service ("IRS") opened an examination of Pflum's 1997 tax year, resulting in the imposition of federal and state tax liens for the tax years of 1997 to 2007 against Pflum and Pilot Enterprise, LLC as a nominee of Pflum. The United States then obtained a default judgment against Pflum in the amount of $6,408,357.25 plus interest on May 16, 2013, for his federal tax liabilities.

The properties that are the subject of this litigation are located at 1274 Dedi Avenue, South Lake Tahoe, and at 1278 Dedi Avenue, South Lake Tahoe (the "Dedi properties"). Pflum acquired them on August 8, 2007, shortly before the IRS opened its examination of Pflum's 1997 tax year. On August 13, 2007, Pflum transferred the 1278 Dedi Property to Pilot Enterprise for no consideration, and the deed stated that the grantor and grantee were the same parties. The next day, Pflum similarly transferred the 1274 Dedi Property to Pilot Enterprise for no consideration, and again the deed stated that the grantor and grantees were the same parties.

Beginning in February of 2008, non-party Wendy Pierson rented the 1274 Dedi Property. The rental agreement also entitled her to access to the 1278 Dedi Property. Pierson made all rental payments for the property by check directly to Pflum.

Finally, on September 27, 2013, Pflum attempted to transfer the Dedi Properties

---

[1] Because oral argument would not be of material assistance, the Court ordered the matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] The facts in this section are taken from Plaintiff's Statement of Undisputed Facts. ECF No. 43, at 4–11.

to Friday Harbor WY, LLC, but incorrectly paired each address with the other's accessor property number on the deeds. As with the transfers to Pilot Enterprise, the deeds purporting to convey the properties to Friday Harbor stated that the grantor and grantee were the same parties.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. "However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden." In re Brazier Forest Prods. Inc., 921 F.2d 221, 223 (9th Cir. 1990). If the moving party meets its initial responsibility, the

burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed

before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

Though Plaintiff's motion is unopposed, a district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. Cristobal v. Siegel, 26 F.3d 1488, 1494–95 n.4 (9th Cir.1994). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers themselves are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. See United States v. Real Prop. at Incline Vill., 47 F.3d 1511, 1520 (9th Cir.1995) (citing Marshall v. Gates, 44 F.3d 722 (9th Cir.1995); Henry v. Gill Indus., Inc., 983 F.2d 943, 949 (9th Cir. 1993)), rev'd on other grounds, 517 U.S. 820 (1996).

Plaintiff here argues it is entitled to summary judgment because the Dedi Properties are subject to the tax liens under three theories: (1) Pilot Enterprise and Friday Harbor are Pflum's nominees; (2) the transfer to Friday Harbor, made after the imposition of the liens and default judgment award, was made subject to the liens; and (3) the transfers to Pilot Enterprise and Friday Harbor were fraudulent and therefore void. As set out below, because the Court finds that Pilot Enterprise and Friday Harbor are Pflum's nominees, which renders the properties subject to the liens and is therefore dispositive, the Court need only address Plaintiff's first argument.

Pursuant to 26 U.S.C. § 6321, a lien for unpaid taxes is created in favor of the United States upon all property and property rights of the taxpayer. The IRS is authorized to levy upon all property and rights to property belonging to the taxpayer or on which there is a lien for the payment of tax. Id. § 6331; see also United States v.

Donahue Indus. Inc., 905 F.2d 1325, 1332 (9th Cir. 1990) ("The law is settled that a levy may effectively reach property on which a federal tax lien has attached . . . ."). The IRS may consequently seize and sell any property upon which levy is permitted. Id.; see also Myers v. United States, 647 F.2d 591, 601 (5th Cir. 1981) ("[W]here levy is proper, the United States may seize and sell the property levied upon.").

"A nominee is one who holds bare legal title to property for the benefit of another." Fourth Inv. LP v. United States, 720 F.3d 1058, 1066 (9th Cir. 2013) (quoting Scoville v. United States, 250 F.3d 1198, 1202 (8th Cir. 2001)). Thus, a federal tax lien attaches to "property that is held by a third party as the taxpayer's nominee." Id. "[I]n making nominee determinations in a tax lien context, [courts] must 'look initially to state law to determine what rights the taxpayer has in the property the Government seeks to reach.'" Id. (quoting Drye v. United States, 528 U.S. 49, 58 (1999)). California courts, however, "have not yet specified the factors relevant to determining whether a person or entity holds title as a nominee." Id. at 1068. In predicting which factors a California court would evaluate under the nominee theory of property, the Ninth Circuit has held that they "would adopt the uniform set of factors recognized by federal courts." Id. at 1069; see also United States v. Bell, 27 F. Supp. 2d. 1191, 1195 (E.D. Cal. 1998) (applying the same set of factors under California law prior to Fourth Investment).

Those factors are:

> (1) whether inadequate or no consideration was paid by the nominee; (2) whether the property was placed in the nominee's name in anticipation of a lawsuit or other liability while the transferor remains in control of the property; (3) whether there is a close relationship between the nominee and the transferor; (4) whether they failed to record the conveyance; (5) whether the transferor retained possession; and (6) whether the transferor continues to enjoy the benefits of the transferred property.

Spotts v. United States, 429 F.3d 248, 253 n.2 (6th Cir. 2005). "[C]ourts focus on the totality of the circumstances without regarding any single factor as the sine qua non of a nominee relationship." Dalton v. Comm'r, 682 F.3d 149, 158 (1st Cir. 2012).

///

Here, five of the six factors are present, demonstrating that Pilot Enterprise and Friday Harbor are Pflum's nominees and that, therefore, the tax liens attach to the Dedi Properties. The properties were transferred without consideration, immediately following steps taken by the IRS to collect Pflum's tax obligations, and the transfers left Pflum in control of the properties and allowed him to collect rent from them. Of the six factors, only the failure to record conveyance factor is not present. Accordingly, Pilot Enterprises and Friday Harbor are mere nominees. See Fourth Inv., 720 F.3d at 1070 ("[T]he overarching consideration is 'whether the taxpayer exercised active or substantial control over the property.'" (quoting In re Richards, 231 B.R. 571, 597 (E.D. Pa. 1999))).

**CONCLUSION**

For the reasons provided above, Plaintiff's Motion for Summary Judgment, ECF No. 43, is GRANTED, and the Court orders that the tax liens on 1274 Dedi Avenue, South Lake Tahoe, and 1278 Dedi Avenue, South Lake Tahoe be foreclosed and the properties sold by the IRS. See 26 U.S.C. § 7403(c)–(d) (granting federal courts the authority to order a foreclosure and sale of a property subject to a tax lien). The proceeds of the sale shall be paid according to the stipulations entered by the United States, El Dorado County Tax Collector, and the State of California Franchise Tax Board. ECF Nos. 25, 31.

IT IS SO ORDERED.

Dated: September 12, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE